## Case No. 6,932.

### HURST v. HURST.

[2 Wash. C. C. 127.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1807.

ARBITRATION AND AWARD—EQUITABLE RELIEF.

1. The plaintiff filed a bill for relief, from a judgment entered on the award of referees, claiming to have certain credits allowed to him, which had not been given to him in the accounts, stated and adjusted between him and the defendant, upon which the award was given.

2. Plain mistakes in facts, which appear upon the face of the award, or which could be made out from the evidence laid before the referees, or for their examination; might have been taken advantage of by exceptions to the award; and these cannot afterwards be made the subject of a claim to relief in equity.

[Cited in Tracy v. Herrick, 25 N. H. 400.]

3. The bill cannot be supported as a bill of discovery, because the plaintiff does not state that he relies on the discovery to be obtained for the defendant, but that he can prove the mistakes of the arbitrators.

The plaintiff [Charles Hurst] filed his bill praying relief against the award of arbitration, which had been approved by this court [Case No. 6,930], after exceptions had been taken to it; and upon a scire facias issued thereon, judgment had been obtained. [Id. 6,931]. The bill states that against the sum of 13,085 dollars, 17 cents, awarded to the defendant [Timothy Hurst], the referees had not allowed the following credits. First; the sum of 10,382 dollars, 96 cents, (being Barron's proportion of the property), advanced by the plaintiff, on the general account of the persons engaged in the land purchases; that this credit was not admitted, because the plaintiff had received from the proceeds of sales of divers parts of a South street lot, a sum equal to the whole sum he had advanced, which the bill states was in effect giving to Barron one-fifth part of the sales of this lot, though he had sold his interest therein to the plaintiff. Second; that the referees omitted to credit the plaintiff 2,690 dollars, 67 cents, being Barron's one-fifth of other sums expended by the plaintiff for the same concern, as appeared by an account exhibited to the referees, and admitted by the defendant; that the plaintiff has heard, that this credit was not given, under the supposi-

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

tion that the plaintiff was indebted to Barron five hundred pounds, for a purchase in 1774, of all Barron's interest in five thousand acres of land, which sum of five hundred pounds, with the interest, was equal to the credit claimed. Whereas, the plaintiff, had he known of this mistake in the referees, could have made it appear by sufficient evidence that he had satisfied Barron for his part of the above land, and for other land in Bedford county, and of certain sums paid for Barron. The second ground of complaint against the award is, that the referees have given credit to the defendant, as assignee of Barron, who was assignee of Israel Morris; for £758 3s. 4d. due to said Morris; whereas the plaintiff has been informed, and believes, that no assignment was ever made by Morris to Barron; and in fact, Morris has brought a suit against the plaintiff, which is now pending, to recover this very sum of money. To this bill a general demurrer was put in.

Hopkinson & Levy, for plaintiff.
Ingersoll & Lewis, for defendant.

WASHINGTON, Circuit Justice. The reason assigned in the bill for the relief prayed is, that the above omissions to credit the plaintiff, as well as the charge of £758 3s. 4d., are plain and evident mistakes, which a court of equity ought to correct. When these points were argued, on exceptions to the report of the referees, the court laid it down, that plain mistakes might be examined into at law; not only such as appeared upon the face of the award, but such as could be clearly and palpably made out by the proofs laid before the referees, or acknowledged by them. The plaintiff therefore had a complete and adequate remedy on the other side of this court, and either pursued this remedy, ineffectually, or neglected it; in either of which cases, ought a court of equity to interfere, merely upon the ground that these mistakes exist? The plaintiff's counsel seems to have been well aware of this dilemma, and therefore has very prudently attempted to support this as a bill of discovery. But if this be such a bill, so is every bill in equity. It is not pretended that the facts can only be got at, by a disclosure to be forced from the defendant; on the contrary, it is stated, that the accounts on which the plaintiff's two credits are founded, were admitted by the defendant before the referees. There seems to have been no defect of proof before the referees, nor indeed from the nature of the transaction could there well be any, as to the first credit claimed; and if there were a mistake, it must have been, as a stated bill, one which proceeded from error in the judgment of the referees. But this did not appear to be the case, when all the evidence was before the court, on the former occasion. As to the second credit claimed, the bill avers that the plaintiff can prove, by good and sufficient evidence, the facts material to establish it;

as to this, then, a discovery is not required. So too, as to the credit claimed by the plaintiff of £758 3s. 11d., so far from its having been refused, because it was not in the power of the plaintiff to establish it by proof, we must suppose that such proof was laid before the arbitrators, not only because the contrary is not stated, but because the referees are charged with having made a plain mistake in disallowing it: at the same time, should J. Morris recover a judgment against the plaintiff, upon the ground that the assignment to Barron was not made; I will not say that the court ought not, in that case, to relieve the plaintiff. Demurrer allowed, and bill dismissed with costs.